Jimenez-Samaniego v. Garland

BIA
Straus, IJ
A208 205 181

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> JOHN M. WALKER, JR.,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

LUIS ARIOLFO JIMENEZ-SAMANIEGO,
> *Petitioner,*

v.                                        20-785
                                          NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Glenn L. Formica, Formica, P.C.,
                         New Haven, CT.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General; Song
                         Park, Acting Assistant Director;

Sarah L. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Luis Ariolfo Jimenez-Samaniego, a native and citizen of Ecuador, seeks review of a February 10, 2020 decision of the BIA affirming a March 28, 2018 decision of an Immigration Judge ("IJ") denying Jimenez-Samaniego's asylum application.[1] *In re Luis Ariolfo Jimenez-Samaniego*, No. A208 205 181 (B.I.A. Feb. 10, 2020), *aff'g* No. A208 205 181 (Immig. Ct. Hartford Mar. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are

---

[1] Jimenez-Samaniego does not challenge the denial of withholding of removal and relief under the Convention Against Torture.

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to facts *de novo*).

An asylum applicant has the burden to establish either past persecution or a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. § 1208.13(b). We find no error in the agency's conclusion that Jimenez-Samaniego failed to meet this burden. The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341. Absent past persecution, an applicant can demonstrate a well-

3

founded fear of persecution by establishing that he "would be singled out" for persecution or that the country of removal has a "pattern or practice" of persecuting a group of similarly situated individuals and he is included in and identifies with that group. 8 C.F.R. § 1208.13(b)(2)(iii). The applicant's fear must be "objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Jimenez-Samaniego alleged that the government closed down his restaurant and members of an opposing party threatened him, made disparaging comments about him on the radio, and interfered with a delivery of livestock to his community because he was a council member in his parish and a member of an opposition party. Even taken together, this past harm does not rise to the level of persecution under our precedent because Jimenez-Samaniego did not show the economic impact of the restaurant closure and did not suffer any physical harm. *See Huo Qiang Chen v. Holder*, 773 F.3d 396, 405-07 (2d Cir. 2014) (holding that unfulfilled threats are generally insufficient to establish past persecution and economic harm rises to the level of persecution only if it "deprives the victim of . . . essentials of life, or . . . . reduce[s] an applicant to an impoverished existence"

4

(cleaned up)); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 290 (2d Cir. 2007) ("The cumulative effect of the applicant's experience must be taken into account." (quotation marks omitted)); *Ivanishvili*, 433 F.3d at 341 (persecution requires more than "mere harassment").

We likewise conclude that the record supports the agency's finding that Jimenez-Samaniego failed to demonstrate the requisite possibility of future persecution on account of his political opinion. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) ("A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding subject to only clear error review."); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 281–83 (2d Cir. 2006) (applying substantial evidence standard to nexus determination). Jimenez-Samaniego testified that the threatening calls stopped a year before his hearing. In addition, there was no claim that anyone tried to locate him or expressed an interest in him after he left Ecuador, nor was he physically harmed while in Ecuador. Moreover, he testified that he did not know for certain who slashed the tires on the truck carrying livestock or made the threatening calls, and he conceded that his political

5

activity was not referenced when he was directed to close his restaurant. Accordingly, the record does not <u>compel</u> a conclusion that anyone would pursue him if he returned or that such harm would be on account of his political opinion. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Jimenez-Samaniego does not challenge the agency's additional finding that he did not demonstrate a pattern or practice of persecution.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6